IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| FREDERCIK H. WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-458-JPG |
| NURSE ROBIN, SGT. NICHOLS, MARY ROBINSON DAVIS, and OFFICER HUMPHREY, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frederick H. Williams, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at East Moline Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Defendants subjected him to unconstitutional conditions of confinement and were objectively unreasonable in treating his injuries from a fall while he was housed at the St. Clair County Jail. He asserts claims against the defendants under the Fourteenth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Plaintiff makes the following allegations: Plaintiff was housed at the St. Clair County Jail from July 25, 2017 to October 27, 2017. (Doc. 1, p. 5). While there, Plaintiff was placed in a cell with no emergency button. He complained to Officer Humphrey about the lack of an emergency button and asked to be moved to a different cell, but was not moved. The shower floors at the jail were also covered in black mold. Although Plaintiff informed Sgt. Nichols about the mold, he failed to remedy the situation or provide Plaintiff with cleaning supplies. (*Id.*).

While at the jail, Plaintiff also alleges that he received inadequate meals from the kitchen. (Doc. 1, p. 5). The trays contained inadequate portions and lacked sufficient calories for his daily needs. (*Id.*). He wrote Mary Robinson Davis about his concerns, but she did not respond, and the portions did not change.

At some point while Plaintiff was housed at the jail, he slipped and fell on some wax left on the hallway floor. (Doc. 1, p. 5). He submitted multiple sick call requests through the jail's kiosk but did not receive a response. Plaintiff alleges that Nurse Robin is responsible for booking all appointments after receiving a sick call request. (*Id.*).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

**Count 1:** **Nurse Robin was objectively unreasonable in not responding to his medical sick call requests.**

**Count 2:** **Mary Robinson Davis subjected Plaintiff to unconstitutional conditions of confinement by providing him with trays that lacked portions which met adequate calorie needs.**

> **Count 3:** Officer Humphrey subjected Plaintiff to unconstitutional conditions of confinement by keeping him in a cell that lacked an emergency button.
>
> **Count 4:** Sgt. Nichols subjected Plaintiff to unconstitutional conditions of confinement by failing to remedy the black mold present in the jail showers.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Severance

Plaintiff's Count 1, related to his medical care at St. Clair County Jail, is unrelated to Count 2, dealing with inadequate nutrition at the jail, and Counts 3 and 4, dealing with the conditions of confinement Plaintiff experienced while at the jail. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Accordingly, consistent with *George* and Federal Rules of Civil Procedure 18 and 20, Count 2 will be severed into a new case with a newly assigned case number and Counts 3 and 4 will be severed into a new case with a newly assigned case number. Count 1 remains in this case and is subject to preliminary review below.

### Merits Review of Count 1

As Plaintiff was a pretrial detainee, his claim arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013); *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000). A standard of objective reasonableness, rather

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

than deliberate indifference, governs medical claims under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)).

The controlling standard has two steps. The first step focuses on the intentionality of the defendant's conduct and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id*. (quoting *Miranda*, 900 F.3d at 353). Negligence or even gross negligence is not enough. *Id.* (citing *Miranda*, 900 F.3d at 353; accord *Darnell v. Pineiro*, 849 F.3d 17, 35–36 (2d Cir. 2017) (concluding that "[a]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence")). The second step looks at whether the challenged conduct was objectively reasonable. *See Miranda*, 900 F.3d at 354. Looking at all of the facts and circumstances before the defendant, a court must determine whether the response was reasonable, without taking into account "any subjective belief held by the individual." *McCann*, 909 F.3d at 886.

Here, Plaintiff fails to state a claim because he has not demonstrated that he suffered from a serious medical need. *Greeno v. Daley*, 414 F.3d at 652-53 (7th Cir. 2005). Although Plaintiff alleges that he slipped and fell on a wax floor, he does not indicate what injuries, if any, he suffered from the fall. He also provides limited information on Nurse Robin's role in reviewing his medical sick call requests. He only alleges that he put in multiple medical requests, but does not state when this injury occurred or when he submitted the medical requests. Without more information, the Court cannot find that Plaintiff states a claim against Nurse Robin. Accordingly, Count 1 is **DISMISSED without prejudice**.

**Disposition**

For the reasons set forth above, **COUNT 2** is **SEVERED** into a new case against Mary Robinson Davis and **COUNTS 3** and **4** are **SEVERED** into a new case against Officer Humphrey and Sgt. Nichols. The claims in these new cases shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case numbers and judge assignments are made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 3).

The **only claim remaining in this action is COUNT 1 against Nurse Robin.** **Count 1** is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 8, 2019.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 7/11/2019**

s/J. Phil Gilbert  
**United States District Judge**
